**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| CHRISTOPHER TERITO <br> PLAINTIFF <br><br> VS. <br><br> HILCO RECEIVABLES, L.L.C., <br> DEFENDANT | * <br> * <br> *   CIVIL ACTION NO. <br> * <br> * <br> *   COMPLAINT AND DEMAND <br> *   FOR A JURY TRIAL |

**COMPLAINT**

I. INTRODUCTION

1. Plaintiff Christopher Terito brings this action against defendant Hilco Receivables, L.L.C. for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 and 1337.

III. PARTIES

3. Plaintiff, Christopher Terito ("plaintiff"), is a natural person above the age of majority who resides in Ascension Parish, state of Louisiana.

4. Defendant, Hilco Receivables, L.L.C.. (hereinafter referred to as "defendant" or "Hilco") is an Illinois corporation doing business in the state of Louisiana, whose registered agent for service of process in Illinois is Michael Walsh, 5 Revere Drive Ste. 206, Northbrook, IL 60062. Hilco, at all times relevant hereto, regularly attempted to collect debts alleged to be due another and

is a "debt collector" as defined under the FDCPA.

## IV. FACTUAL ALLEGATIONS

5. On or about July 17, 2006, defendant initiated arbitration proceedings against plaintiff for sums allegedly due on a credit card account once issued through MBNA America Bank, N.A. ("the original creditor").

6. This credit card account was in the name of Christopher Terito and was primarily for personal, family or household purposes only.

7. At the time that it filed its arbitration claim, defendant alleged that plaintiff owed thirty-two thousand, two hundred thirty-eight dollars and fifty-seven cents ($32,328.57) to defendant.

8. Defendant subsequently produced documents to plaintiff claiming that this exact same amount was due to the original creditor on December 14, 2005.

9. On or about February 1, 2007, 2007, defendant voluntarily dismissed its arbitration claim against plaintiff.

10. Defendant subsequently transferred plaintiff's alleged account to NCO Financial Systems, Inc. ("NCO"), another entity that regularly attempts to collect debts alleged to be due another and likewise a "debt collector" as defined under the FDCPA.

11. At the time that it transferred plaintiff's alleged account to NCO, defendant represented to NCO that a payment had been made on plaintiff's alleged account on May 17, 2006.

12. No payment had been made on plaintiff's alleged account since 2005 when plaintiff became disabled.

13. Furthermore, the May 17, 2006 payment alleged to have been made on

plaintiff's alleged account contradicts defendant's own records, which reflect no change in the alleged balance between December 14, 2005 and July 17, 2006.

14. Relying on defendant's representation that a payment was made on May 17, 2006, NCO initiated arbitration proceedings against plaintiff on March 10, 2008, more than three years after plaintiff's last actual payment on the alleged account.

15. As of the time that NCO initiated arbitration proceedings against plaintiff, plaintiff's alleged account had prescribed under Louisiana law.

16. By misrepresenting the date of plaintiff's last payment on the alleged account, defendant induced NCO to take an action that could not legally be taken.

17. Within one year of the date of the filing of this lawsuit, defendant misrepresented to NCO that plaintiff had made this payment on May 17, 2006.

18. Plaintiff also learned of the earlier misrepresentations to NCO by defendant which induced NCO to purchase this account as well file an arbitration proceeding against Mr. Terito in April 2009.

19. Accordingly, defendant indirectly attempted to collect a debt that had prescribed under Louisiana law by making the above misrepresentation about the date of last payment.

## FAIR DEBT COLLECTION PRACTICES ACT

20. Defendants violated numerous provisions of the FDCPA including but not limited to sections 1692e(2), 1692e(5), and 1692e(10) and 1692f.

21. Plaintiff has suffered actual damages and injury, including, but not limited to, the costs of Christopher Terito's defense of the arbitration proceedings initiated by NCO, stress,

humiliation, anxiety, extreme mental anguish and suffering, emotional distress, for which he should be compensated in amounts to be proven at trial.

WHEREFORE, plaintiff respectfully requests that judgment be entered against the defendant Hilco Receivables, L.L.C. for:

(a) actual damages;

(b) additional damages;

(c) attorney's fees;

(d) costs; and

(e) for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

s/Garth J. Ridge
**GARTH J. RIDGE**
Attorney for Plaintiff
Bar Roll Number:  20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number:  (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com